LYONS, Judge.
Delivered the resolution of the Court, that the bond was clearly a bond with a collateral condition, and therefore not assignable within the act of 1748. Consequently that the judgment of the District Court was to be reversed; and judgment on the verdict arrested.
Judgment Reversed.
N. B. Judge Roane was confined to his room by indisposition, upon the day on which the Court gave judgment; and therefore was not present when the resolution of the Court was given, but he has favored me with a copy of the notes of the argument he intended to have delivered, which were as follows.
“The first and principal question, in this case, is, whether the bond, declared upon, is such a *bond, as under the act of Assembly will authorize an assignee thereof to bring suit upon it, in his own name? .
The bond is dated on the 4th of June 1774, and assigned the 17th of November 1791. It will therefore be governed by the act of October 1786 Chap. 29; and in the new code the clause of the act now in question is, as follows, “Assignments of bonds, bills and promissory notes and other writings obligatory for payment of money or tobacco shall be valid &c.” So that the question is, •whether the bond, before us, is a bond for the payment of money within the meaning of this clause? and this question may be elucidated, if not resolved, by considering what bonds are considered as bonds for the payment of money, in other and clearer passages in our laws?
By the act of 1748, re-enacted in 1792 Rev. Cod. 118, it is enacted that in actions which shall be brought on a bond or bonds for the payment of money, judgment is to be entered for the principal sum due thereon and interest. The bonds, here intended, are clearly such as if not single bonds are to be defeazanced by the payment of a lesser ascertained sum, called the principal, and which no assessment by a jury is necessary to calculate and render certain; bonds, which when declared on, do not require particular breaches to be assigned; and in which a recovery is had, as of the debt due by the bond, and not as of damages to be ascertained by a jury.
Such is clearly the nature of a bond, for the payment of money, in the clause just referred to; and if, in the clause immediately in question, the same words are found, as descriptive of assignable bonds, the former clause may be resorted to, as a key for the understanding thereof.
But, by the same clause of the act of 1792, in actions on bonds, for performance of covenants, particular breaches must be assigned; and a jury *are to assess, and the court to give judgment, for damages, instead of any lesser ascertained sum in the condition. >
The distinguishing criterion then, between these two descriptions of bonds, is plainly marked out b3r the act of 1792. That criterion existed in our laws, before the period in which it was transferred into the new code, from the acts of 1748; and must be supposed to have been in the mind of the Legislature, when it enacted the cause allowing assignments.
By that criterion, whenever a bond appears, with a smaller specific sum, mentioned in the defeazance, or the bond shall be single ; whenever judgment is to be given for that sum with interest, and not for damages to be ascertained by a jur3r; and whenever particular breaches-are not necessary to be assigned, a bond of this description is a bond for the payment of money, within the meaning of the clause in question. But if there be no, ascertained principal sum, for which judgment can be rendered; if the intervention of a jury be necessary to ascertain what is due by way of damages; and if the defendant must be notified, by a particular assignment of breaches, wherefore the action is brought against him, such a bond is not to be considered as a bond for the payment of money,' under the act in question.
To test the bond, before us, by this criterion. It is a bond to b.e defeazanced, if the obligor shall survey the land by a certain time, and refund or abate money, as the case may be, if the obligee should be found to be injured by the interference of older surveys. It is a bond whereby the obligor covenants, both to survey, by a certain time, and to make good the deficiency, if any. The obligee has his action against him for the failure of one or the other; and this observation, it is supposed, is decisive of its not being a bond, for the payment of money, only. It is a bond neither *single, nor to be de-feazanced by the payment of a lesser certain sum, called the principal; a bond, in which, a particular assignment of breaches is absolutely necessary; and, as to which, no judgment can be given, without the intervention of a jury, ascertaining the damages sustained, by the obligee.
Is this bond, therefore, to be considered, as a bond for payment of money, in the face of those prominent distinctions, which I have just mentioned?
*304 It is said to be such a bond, because money is to be paid, in the event of a deficiency of the land; and that mathematics and arithmetic may render the sum to be paid absolutely certain. But my answer is, that this differs from the common case of a general covenant to make good a deficiency, only in this, that here the parties, by previous agreement, have given a rule to the jury in assessing damages if any; but that, exception in this particular, the case is the common case of a bond, for the performance of covenants, in every respect. The only difference is, that here an arbitrary assessment of damages is prevented, by the consent of the parties, and the general power of juries, in respect to damages, is in this instance abridged; as' it was in the case of Lowe v. Peers, 4 Burr. 2229. Where it was agreed by Peers, that if he did ' not marry Lowe, that he would pay her £1000. And it was held that the jury, in ascertaining damages, would be confined to the £1000. as the precise sum fixed and ascertained, by the parties.
Mr. Wickham likens the case, to that of a bond conditioned to pay .£1000, but attended with an agreement, that it shall be liable to be affected, by the real estate of the accounts, between the two parties. To which I answer, that there is no similitude between the cases: for such a bond, as that, would fall, strictly, within the description *of bonds, for payment of money, as to the manner of declaring and the nature of the judgment to be given. Although, in consequence of the agreement entered into, it may happen, that nothing may be really due them.
Upon the whole, I am clearly of opinion; that the present is not an assignable bond, within the meaning of the act of Assembly.
This view of the case precludes the necessity of my considering the legality of the assignment of breaches; although my present opinion is, that thej' are insufficiently assigned.